GEORGE W. STICKLE, RHODA M. TAYLOR AND MAHLON E. TAYLOR, RESPONDENTS, v. JACOB J. VREELAND, APPELLANT.

Submitted December 10, 1923—Decided March 3, 1924.

1. The defendant in an action of ejectment pleaded the general issue and set up a claim to the *locus in quo* by adverse possession. *Held*, that by this answer the defendant admitted possession or claim of title which excluded or ousted the plaintiffs.
2. A map made by a competent civil engineer and surveyor, prepared from data obtained by an actual survey following a description in a deed, and showing the *locus in quo*, is admissible in evidence, although the location of a monument from which the beginning point of the description of the property was ascertained is disputed. The dispute affects only the probative value of the map, not its admissibility in evidence.
3. The settled practice of this court is to leave unconsidered alleged errors to which no exceptions have been taken at the trial.
4. Upon an appeal this court is not concerned with the weight of the evidence or the credibility of the witnesses. These questions will not be reviewed. They are not the subject-matter of grounds of appeal.

---

On appeal from the Supreme Court.

For the appellant, *Edward A. Walsh*.

For the respondents, *James V. Beam* (*Harold A. Price*, of counsel).

The opinion of the court was delivered by

KATZENBACH, J.   The plaintiffs below were the owners of a tract of land fronting on the westerly side of Brook street, in the town of Boonton, in this state.   The defendant below owned a tract of land fronting on the same side of the street and adjoining on the south the plaintiffs' tract.   The dividing line between the properties had been for many years a stone wall, upon which was erected a wooden fence.   This fence became dilapidated and some twelve years before the commencment of the present action had fallen down.   The defendant endeavored to build a new fence and locate it on the Brook street front, one and forty-five hundredths feet southwardly from the line of the old fence erected on the stone wall.   The plaintiffs resisted the building of the new fence and the defendant desisted for the time being.   Later the defendant, during the absence of the plaintiffs, erected the fence on the new location.   The fence extended back from Brook street toward the rear line from sixty to seventy feet.   The effect of this erection was to cut off from the plaintiffs' property a strip of land which the plaintiffs claimed they owned.   They instituted, in the Supreme Court, an action of ejectment to recover possession of the land between the new fence and the line of the old fence, together with the land in the rear of which the defendant had taken possession, as the plaintiffs claimed.   The piece of land claimed by the plaintiffs fronted one and forty-five hundredths feet on Brook street and had a depth of one hundred and twenty-five feet of varying width, three feet being the width at the widest point.

The defendant pleaded the general issue and adverse possession.   The suit was tried at the Morris Circuit.   The plaintiffs proved their paper title, offered evidence as to the location of the old and new fence lines, and introduced a map made by a surveyor showing the property of the plaintiffs, its location and the lines of the disputed tract. The defendant offered testimony relating to his alleged adverse possession.   The case was submitted to the jury, which returned a verdict for the plaintiffs.   From the judgment entered on this verdict the defendant has appealed.

The first ground of appeal argued by the appellant is that there was no evidence offered at the trial to show that the defendant was in possession of land of the plaintiff. The defendant, as has been stated, pleaded the general issue and set up a claim to the *locus in quo* by adverse possession. By this answer the defendant admitted possession or claim of title which excluded or ousted the plaintiffs. This court said in *Jacobson* v. *Hayday*, 83 N. J. L. 537, speaking through the late Mr. Justice Bergen: "The defendant by pleading the general issue admits a possession by him amounting to an ouster of the plaintiff and if the latter shows at the trial a title against which an exclusive possession or claim of the defendant would be wrongful he will be entitled to judgment, otherwise not."

To the same effect are the cases of *Brown* v. *Combs,* 29 N. J. L. 36; *French* v. *Robb,* 67 *Id.* 260, and *Rogers* v. *Warrington,* 90 *Id.* 653. These authorities dispose of the appellant's contention adversely.

The appellant next argues that there was no evidence to show what land or how much of the plaintiffs' land defendant was occupying. This contention is not supported by the evidence, which showed the extent of the defendant's occupancy. The evidence introduced tended to show that the northerly boundary of the plaintiffs' property had been a stone wall, surmounted by a fence which had been in existence from twenty-five to thirty years; that this fence had gradually decayed so that it had fallen; that some twelve years before the trial the defendant had commenced the erection of a fence some distance to the south of the old fence; that he ceased the construction thereof when warned to proceed no further with it; that the defendant did nothing for some six years; that then, during the absence of the plaintiffs, he completed the fence; and that the parcel of land lying between the lines of the old and new fence and in the rear thereof was the subject-matter of the suit. This evidence the plaintiffs were entitled to have submitted to the jury. The defendant, also, by his answer of the general issue and claim of adverse possession, admitted the occupation of

*99 N. J. L.* Stickle v. Vreeland.

the property claimed by the plaintiffs and the ouster of the plaintiffs therefrom to the extent claimed as pointed out in considering the first ground of appeal.

The appellant next contends that the trial court erred in admitting in evidence a map of the plaintiffs' premises, showing the *locus in quo* which had been prepared by George E. Jenkins, a civil engineer. Mr. Jenkins had been actively practicing his profession since 1883. The map in question had been prepared by him from data obtained by an actual survey of the plaintiffs' property, following the description in the deed to the plaintiffs. The beginning point of the survey commenced one hundred and nine feet from the corner of Brook and Cedar streets. The centre line of these streets was marked by a stone monument placed at the intersection thereof. It was a permanent monument. The defendant's counsel based their objection to the admission of the map on the ground that the stone monument had been placed in recent years and that Mr. Jenkins did not know whether the centre line of Cedar street was the centre line referred to in the deed or was a centre line subsequently established. Later the defendant attempted to show that the monument had been placed in its present location in recent years, but the evidence failed to show any change from the location of the former monument. The court in our opinion ruled properly in admitting the map in evidence. It was made by a surveyor whose competency was not questioned. It followed the description in the plaintiffs' deed. The beginning point was determined by the aid of a recognized monument. If under such circumstances a map of premises is not admissible in evidence, it is difficult to conjecture when a map would be admissible. Any evidence tending to show a change in the location of the monument by which the beginning point of the description in the plaintiffs' deed would be altered would only affect the probative force of the survey, not its admissibility. The credit to be given to the survey as delineated upon the map was for the determination of the jury.

The fourth ground of appeal argued is that the trial court erred in refusing to enter a nonsuit at the close of the plaintiffs' case. This is based upon the lack of any evidence to show that the defendant had ousted the plaintiffs from any land. This point has already been considered. The defendant's answer admitted the ouster from the tract of land claimed by the plaintiffs.

The appellant questions, in view of the provisions of section 40 of the Ejectment act (*Comp. Stat., p.* 2061), which provides, "if both parties appear the question at the trial shall be (except as hereinafter provided), whether the plaintiff or plaintiffs, or either, and of which of them, is entitled to recover the possession of the premises, and whether of the whole or of a part, and if of a part, then of which part," the propriety of the trial court's direction to the jury to return a general verdict of guilty if they found in favor of the plaintiffs. To this portion of the charge no exception was taken by the defendant. The settled practice of this court has been to leave unconsidered alleged errors, to which no exception has been taken at the trial. *Davis* v. *Littel,* 64 *N. J. L.* 595; *Conrad* v. *Brocker,* 70 *Id.* 823. This alleged error will not, for this reason, be considered.

The appellant's brief concludes with an argument that the verdict was contrary to the weight of the evidence. This case is before us on appeal, not upon a rule to show cause. This court is not concerned with the weight of the evidence or the credibility of the witnesses. It will not consider these questions. *Costello* v. *Director General of Railroads,* 95 *N. J. L.* 538.

We have considered all the questions raised upon the appellant's brief which are proper to consider and find no error in the conduct of the case in the trial court. The judgment rendered for the plaintiffs is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 13.

*For reversal*—None.