BOROUGH OF DEAL, RESPONDENT, v. LOUIS J. SIELING AND NATIONAL SURETY COMPANY, APPELLANTS.

Submitted February 12, 1926—Decided May 17, 1926.

1. The agent of a corporation has no power by virtue of his agency to alter the provisions of a formal written agreement entered into by the corporation whose agent he is, and his action in attempting to do so is entirely nugatory unless it is afterward approved or acquiesced in by his principal.

2. Where one of the provisions of the specifications annexed to and made a part of a contract was that, even after final payment on completion of the work, such payment should not be considered as releasing the contractor from the obligation to remove and make good defective work and materials when discovered at any time, a charge by the court that the certificate of the municipal engineer that the work had been completed in compliance with the terms of the contract was not conclusive on the question of the right of recovery, by the municipality, for faulty work, even in the absence of fraud, was not erroneous.

3. The knowledge of the agent is never chargeable against the principal unless the principal, if acting for himself, would have received notice of the matters known to the agent.

4. Where one is guilty of a wrongful act which is a concurring but not the sole producing cause of an injury to another, the wrongdoer is under a legal obligation to compensate the latter for the injury inflicted upon him.

On appeal from the Supreme Court.

For the appellants, *Samuel D. Williams.*

For the respondent, *William A. Stevens* and *William L. Edwards.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the borough of Deal against the defendant Sieling for damages sustained by the borough and resulting from the breach of a written contract for the construction of a jetty running out into the ocean in front of the borough, and against the National Surety Company, as surety on the contractor's bond. The contract provided, among other things, that the main piling used in the construction of the jetty should be at least twenty-four feet in length, and that the sheathing should be sixteen feet in length. The jetty was constructed, but, as the borough claims, not in accordance with the terms of the agreement, its case being that the contractor, finding that it was much more difficult than he had anticipated to drive piles at the point selected for the construction of the jetty, and that the expense of doing so would exceed the contract price to be paid him if the piles and sheathing were of the length provided by the contract, shortened certain of the piles and some of the sheathing, making the portions of the jetty where they were used much less stable than they would have been had the provision of the contract with relation to their length been complied with. The borough further claims that, as a result of this violation of the contract, a violent storm, which occurred after the jetty was completed, washed out a portion thereof and carried it down the beach several hundred yards. This accident occurred not only after the work of the contractor had been completed, but after it had been approved by the engineer, accepted by the borough and paid for by the latter. After the partial demolition of the jetty the borough employed another man to rebuild the portion thereof washed out by the storm. This was done at

a cost to the borough of $5,401, and the borough brought this suit to recover this amount from the contractor, Sieling, or, in the alternative, from the surety company, to the extent of its obligation. The trial resulted in a verdict in favor of the plaintiff for the sum of $4,962 as against Sieling, and against the surety for the sum of $3,630, the extent of its liability on the bond. From the judgment entered on this verdict the defendants have appealed.

The first ground of reversal submitted to us is that the court erred in refusing to direct a verdict in favor of the defendants. The contention in support thereof is that the borough's claim rests solely upon the averment that the defendant Sieling was guilty of fraud in the construction of the jetty in the manner indicated, and in concealing from the borough the violation of his contract, and that this claim of fraud is not supported by any evidence. Assuming it to be true for the purpose of disposing of this point that the borough's case was rested solely upon the charge of fraud, the court was right in refusing to direct a verdict based upon the theory that no fraud had been proved. The facts relating to the construction of the jetty were admitted. The defense was that the shortening of the piling and sheathing was authorized by the borough engineer, and was done with his knowledge. The engineer, however, testified that no such authorization had been given by him, and that he had no knowledge whatever of the fact that the piling and sheathing had been shortened until after the occurrence of the accident, when he measured some of the piles and some of the sheathing that had been washed up on the beach, and found that they were much shorter than the contract called for. In that situation, the question whether such authority had been given by the engineer or whether the shortening had been with his approval were questions of fact, to be determined by the jury; and, if they were resolved against the defendants, it was for the jury to determine whether the defendant Sieling, in shortening the piling and sheathing without the authority or knowledge of the engineer and without notice to the borough, had not been guilty of a fraud upon the borough.

It is further argued as a ground of appeal that the court erred "in framing in the charge an issue of fraud." It appears from an examination of the brief of counsel for the appellants that this ground for reversal, like that just discussed, rests upon the theory that there was no evidence submitted in the case which justified the court in leaving to the jury the question of fraud on the part of the contractor in the doing of the work called for by the provisions of the contract. As has already been pointed out, the existence or non-existence of such fraud was, under the evidence, a question of fact to be determined by the jury, and the court properly left its solution to that body.

Next, it is argued as a reason for reversal of this judgment that the court erred in charging the jury that the shortening of the piling and sheathing was a modification of the contract and specifications which the borough engineer had no power to make, if they should find as a fact that he had done so. Why it is thought that this instruction was error we are unable to perceive. The contract was that of the borough, on the one part, and the contractor on the other, and we consider it entirely settled that the agent of a corporation has no power by virtue of his agency to alter the provisions of a formal written agreement entered into by the corporation whose agent he is (*Mausert* v. *Fiegenspan,* 68 *N. J. Eq.* 671), and that his action in attempting to do so is entirely nugatory unless it is afterward approved or acquiesced in by his principal.

Next, it is contended that the court erred in charging that the certificate of the engineer that the work had been completed in compliance with the terms of the contract was not conclusive on the question of the right of the borough to recover, even in the absence of fraud. This instruction was clearly proper, in view of the fact that one of the provisions of the specifications annexed to and made a part of the contract was that even after final payment on completion of the work, "such payment should not be considered as releasing the contractor from obligation to remove and make good defective work and materials when discovered at any time."

The next contention argued before us is that the court erred in refusing to charge that knowledge of the borough engineer of the violation of the contract was knowledge of the borough. We consider that this refusal was proper, under the facts exhibited in the testimony. The case made by the defendants was that the departure from the provisions of the contract was not only with the knowledge, but with the express consent of the engineer, and, on the other hand, the case of the plaintiff was that this departure was not only without his consent, but also without his knowledge. In this situation of the proofs, conceding the knowledge of the engineer of the violation of the contract by the contractor, coupled with the former's consent to such violation—thereby joining with the contractor in the perpetration of a fraud upon his principal—such knowledge will not be imputed to the respondent. *Camden Safe Deposit and Trust Co.* v. *Lord,* 67 *N. J. Eq.* 489. The knowledge of the agent is never chargeable against the principal unless the principal, if acting for himself, would have received notice of the matters known to the agent. *Vulcan Detinning Co.* v. *American Can Co.,* 72 *Id.* 387; *Hanford* v. *Duchastel,* 87 *N. J. L.* 205. It seems hardly necessary to add that when the principal acts for himself no opportunity exists for a betrayal by an agent of a trust reposed in him by the principal.

The next ground for reversal is that the court erred in charging the jury that if the destruction of a part of the jetty was solely the result of the storm, and the short piling and sheathing were not a concurring cause of the damage, then the borough would not be entitled to be reimbursed by the defendants. The argument is that, by implication, the court charged that if the short piling and sheathing were a concurring cause, then the defendants would be liable. Assuming that the implication of the charge is as counsel contends, we consider that the instruction is sound, namely, that where one is guilty of a wrongful act which is a concurring but not the sole producing cause of an injury to another, the wrong-doer is under a legal obligation to compensate the latter for the injury inflicted upon him.

Lastly, it is argued that the price paid by the borough to have the jetty replaced was not the legal measure of damages. The question of the measure of damages, however, is not involved in the present appeal. The charge of the court upon this subject was not excepted to, nor was there any request submitted for a different or more comprehensive instruction with relation thereto. Assuming that counsel for appellants now seeks to challenge the soundness of the instruction to the jury with relation to the measure of damages (although his purpose to do so does not clearly appear in his brief), it is entirely settled that this court will not consider alleged judicial errors occurring during the trial of a cause, or in the charge to the jury, to which no exception was taken. *Stickle* v. *Vreeland*, 99 *N. J. L.* 468, and cases cited.

We conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.